IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 6 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01359-BNB

JASON J. RAMIREZ,

    Plaintiff,

v.

JAN WILSON, Case Manager, Div. of Youth Corr. (official capacity),
L. FISHER, Director (Exec.) Project P.A.V.E. (official capacity),
DEBORAH ADAMS, Cust. Closed Rec. Div. Youth Corr. (official capacity),
KAREN L. BEYE, Exec. Dir. Colo. Dept. of Human Serv. (official capacity),
ROBERT SALAS, HCCC Mental Health Clinic (official capacity),
CHRISTINE MOSCHETTI, D.O.C./Time Comp. Div. (official capacity),
TOM BARRETT, Dir. Mental Health/Colo. State Hospital (official capacity),
STEPHEN BATES, Dir. Lookout Mountain Youth Services Ctr. (official capacity), and
ROBERT HAWKINS, ACSW Sup. Colo. State Hosp. (official capacity),

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT

Plaintiff, Jason J. Ramirez, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Huerfano County Correctional Center in Walsenburg, Colorado. On July 24, 2007, Mr. Ramirez filed *pro se* a second amended civil rights complaint for injunctive relief pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). He also has filed two documents in support of his second amended complaint, i.e., a "Declaration in Support of Prisoner Complaint" and an "Affidavit/Declaration in Support [–] Witness." In addition, he has filed a motion for a preliminary injunction, titled "Memorandum of Law," and a "Declaration in Support of Preliminary Injunction." Mr. Ramirez has been granted leave

to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006), and has paid the initial partial filing fee.

The Court must construe the second amended complaint liberally because Mr. Ramirez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ramirez will be ordered to file a third amended complaint.

The Court has reviewed the second amended complaint and has determined that the second amended complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). In order for Mr. Ramirez "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, — F.3d —, 2007 WL 1895877 at *3 (10th Cir. July 3, 2007).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Ramirez's second amended complaint is unnecessarily prolix and repetitive. The second amended complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). The Court has done its best to summarize the gist of Mr. Ramirez's allegations. In the second amended complaint, Mr. Ramirez alleges that on July 23, 1990, he pleaded guilty as a juvenile to sexual assault on a child in Denver Juvenile Court Case No. 89JD921, and was sentenced to probation. He further alleges that after violating probation he was committed to the Department of Institutions on October 5, 1991, and placed in the sex offender treatment program at Lookout Mountain, apparently the Lookout Mountain Youth Services Center in Golden, Colorado, for an indeterminate period of time, not to exceed two years. He asserts that approximately in April 1993, he was released on probation, required to participate in sex offender treatment through Project P.A.V.E., and placed in a community corrections facility. He contends that on April 6, 1995, he was discharged from probation.

Approximately on March 17, 2000, he was charged with and pleaded guilty to intimidating a witness, and was sentenced to six years of probation. He contends that after violating probation, he was committed to DOC custody, and apparently is being required, and is refusing, to participate in sex offender treatment. As a result of his refusal, he alleges that the defendants have denied him good-time credits without a hearing. In the "Declaration in Support of Prisoner Complaint" and "Affidavit/ Declaration in Support [–] Witness," Mr. Ramirez makes additional allegations, including about an August 2005 conviction for sexual assault.

Rather than summarizing each claim succinctly in one cohesive document, Mr. Ramirez apparently expects the Court to piece together the claims asserted in the second amended complaint, the "Declaration in Support of Prisoner Complaint," and the "Affidavit/Declaration in Support [–] Witness," and to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Ramirez's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Ramirez must allege, simply and concisely in a well-written and well-organized document, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Ramirez also must allege exactly what each defendant did to violate his constitutional rights. Personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th

Cir. 1976) *Id.* Mr. Ramirez must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Ramirez may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Ramirez uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the second amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Ramirez should be given an opportunity to file a third amended complaint. He will be directed to do so below.

Mr. Ramirez is advised that he must provide sufficient copies of the third amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Ramirez should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Ramirez file **within thirty (30) days from the date of this order** a third amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the third amended complaint shall be titled, "Third Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Ramirez, together with a copy of this order, two copies of the following form for use in submitting the third amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Ramirez submit sufficient copies of the third amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Ramirez fails within the time allowed to file an original and sufficient copies of a third amended complaint that complies with this order to the Court's satisfaction, the second amended complaint and the action will be dismissed without further notice.

DATED August 6, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01359-BNB

Jason J. Ramirez
Reg. No. 115870
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on ___8/6/07___

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk