IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 0 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01359-BNB

JASON J. RAMIREZ,

    Plaintiff,

v.

JAN WILSON, Case Manager, Div. of Youth Corr. (official capacity),
L. FISHER, Director (Exec.) Project P.A.V.E. (official capacity),
DEBORAH ADAMS, Cust. Closed Rec. Div. Youth Corr. (official capacity),
KAREN L. BEYE, Exec. Dir. Colo. Dept. of Human Serv. (official capacity),
ROBERT SALAS, HCCC Mental Health Clinic (official capacity),
CHRISTINE MOSCHETTI, D.O.C./Time Comp. Div. (official capacity),
TOM BARRETT, Dir. Mental Health/Colo. State Hospital (official capacity),
STEPHEN BATES, Dir. Lookout Mountain Youth Services Ctr. (official capacity), and
ROBERT HAWKINS, ACSW Sup. Colo. State Hosp. (official capacity),

    Defendants.

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

---

    Plaintiff, Jason J. Ramirez, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Huerfano County Correctional Center in Walsenburg, Colorado. On July 24, 2007, Mr. Ramirez filed *pro se* a second amended civil rights complaint for injunctive relief pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). He also has filed a motion for a preliminary injunction, titled "Memorandum of Law," and a "Declaration in Support of Preliminary Injunction."

    The Court must construe liberally the motion for a preliminary injunction because Mr. Ramirez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the liberally construed motion for a preliminary injunction will be denied.

Mr. Ramirez seeks to receive what he considers to be his full allotment of good-time credits and consideration for community corrections and/or parole, which he apparently contends he is being denied because of his refusal to participate in the DOC's sex offender treatment program. On the basis of these allegations, he believes he needs the Court's protection.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Mr. Ramirez fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Therefore, the liberally construed motion for a preliminary injunction will be denied. Accordingly, it is

ORDERED that the liberally construed motion for a preliminary injunction, titled

"Memorandum of Law," that Plaintiff Jason J. Ramirez submitted to and filed with the Court on July 24, 2007, is denied.

DATED at Denver, Colorado, this __9__ day of __Aug__, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01359-BNB

Jason J. Ramirez
Reg. No. 115870
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  8/10/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk