IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-001359-BNB

JASON J. RAMIREZ,

    Plaintiff,

v.

JAN WILSON, Case Manager, Div. of Youth Corr, Official capacity,
L. FISHER, Dir. (Exec.) Project P.A.V.E., official capacity
DEBORAH ADAMS, Cust. Closed Records, D.Y.C., official capacity,
SHAWN COHN, Chief Probation Officer, official capacity,
NANCY E. RUTLEDGE, Ct. Ser. Judicial Dept., official capacity, and
SHANA KLOEK, Acting Clerk, Juvenile Court, official capacity,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 20 2007

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Plaintiff, Jason J. Ramirez, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Huerfano County Correctional Center in Walsenburg, Colorado. On July 24, 2007, Mr. Ramirez filed *pro se* a second amended civil rights complaint for injunctive relief pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). He also filed two documents in support of his second amended complaint, i.e., a "Declaration in Support of Complaint" and an "Affidavit/Declaration in Support [–] Witness."

On August 6, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Ramirez to file within thirty days a third amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, that incorporated all his claims into one cohesive document, and that alleged each Defendant's personal

participation in the asserted constitutional violations. On September 4, 2007, Mr. Ramirez submitted a third amended complaint, a motion for the appointment of counsel, and a motion for service at state expense. On September 7, 2007, he submitted a fourth amended complaint and a motion for leave to file an amended complaint. The motion for leave to file an amended complaint will be granted.

Mr. Ramirez has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006), and has paid the initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the fourth amended complaint will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Mr. Ramirez is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the fourth amended complaint liberally because Mr. Ramirez is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Pursuant to 42 U.S.C. § 1983,

Mr. Ramirez must allege that Defendants violated his rights under the Constitution and laws of the United States while they acted under color of state law. **See Adickes v. S. H. Kress & Co.**, 398 U.S. 144, 150 (1970).

Plaintiff claims that he is a convicted sex offender, that he completed sex-offender treatment through Project P.A.V.E. in 1995, that Defendants refuse to supply him with documentation showing that he completed sex-offender treatment, and that the DOC is denying him good-time credits because he refuses to participate again in sex-offender treatment. On the basis of these allegations, he contends that he due process rights are being violated.

Plaintiff is suing improper parties. The individuals allegedly violating his due process rights are those DOC officials who are requiring him to retake sex-offender treatment and withholding his good-time credits because he cannot produce documentation demonstrating that he already has completed such treatment. Simply because the named Defendants are not providing Mr. Ramirez with documentation he requested demonstrating his completion of sex-offender treatment, documentation that he himself apparently failed to keep a copy of, does not mean that they are violating his constitutional rights.

In the August 6, 2007, order for a third amended complaint, Magistrate Judge Boland warned Mr. Ramirez that he must allege exactly what each Defendant did to violate his constitutional rights. Personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Magistrate Judge Boland noted that Mr. Ramirez must show that each Defendant caused the deprivation of a federal right. **See Kentucky v.**

3

*Graham*, 473 U.S. 159, 166 (1985). Magistrate Judge Boland further noted there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Ramirez has failed to name as Defendants the individuals who allegedly are violating his constitutional rights. Accordingly, it is

ORDERED that the motion for leave to file an amended complaint is granted. It is

FURTHER ORDERED that the fourth amended complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

**FURTHER ORDERED that Plaintiff remains obligated to pay the full amount of the required filing fee assessed and owed in this action, if such fee is not yet paid in full. If Plaintiff fails to stay current with his payment obligations in this action, the Court may apply all or part of the filing fee payments tendered in any action Plaintiff initiates subsequent to initiating this action to satisfy the filing fee debt owed here or in any other action Plaintiff already has initiated. It is**

FURTHER ORDERED that the motions for appointment of counsel and for service at state expense are denied as moot.

DATED at Denver, Colorado, this 19 day of Sept., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01359-BNB

Jason J. Ramirez
Reg. No. 115870
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/20/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk